UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

RICHARD H SWASEY, Jr. and
MONA E SWASEY,

Debtors.

Chapter 7
Case No. 25-20008

**ORDER GRANTING TRUSTEE'S APPLICATION TO
EMPLOY VERRILL DANA LLP AS COUNSEL**

This matter came before the Court on Trustee's Application to Employ Verrill Dana LLP as Counsel (the "Application") (Docket Entry ("D.E.") 12) filed by Nathaniel R. Hull (the "Trustee"), the duly appointed, qualified, and acting trustee for the bankruptcy estate (the "Estate") of Richard H Swasey, Jr. and Mona E Swasey (together, the "Debtors") and the Declaration filed pursuant to Fed. R. Bankr. P. 2014(a) and D. Me. LBR 2014-1 (the "Declaration") in connection therewith.

The Court initially granted the Application by order dated March 18, 2025 (D.E. 16) which read, in pertinent part, "This Order shall become final in fourteen (14) days unless a party-in-interest sooner objects, in which case the matter shall be set for hearing and considered by the Court as if this Order had not been entered."  Order, ¶ 5.  The Debtors filed a "limited objection" on March 26, 2025 arguing that, due to their pending Motion to Voluntarily Convert to Chapter 13 (the "Motion to Convert") (D.E. 14), the Trustee's request for counsel is unnecessary (the "Objection") (D.E. 21).  Therefore, the Court considers the order issued on March 18, 2025 granting the Application to be void.

After reviewing the Application and the Objection, the Court determines that a hearing is not necessary.  The legal and factual arguments advanced by both parties are straightforward and

oral argument on the matter would not provide this Court with any further clarity. A review of the Application, the Trustee's Motion for Surrender of Recorded Information (the "Motion for Surrender") (D.E. 13), the Objection and the Debtors' Objection to Motion to Surrender identifies two bases for the Objection.

The first is that the Motion to Convert, filed on the same day as, but after, the Trustee filed the Application and the Motion for Surrender, renders the Trustee's retention of counsel unnecessary. That argument is faulty for several reasons: (1) the Debtors continue to refuse to turn over the information requested by the Trustee even though they remain in chapter 7 during the pendency of the Motion to Convert; (2) the Motion for Surrender is scheduled for hearing on April 16, 2025, or nearly a month before the Motion to Convert is scheduled to be heard, and, therefore, the Trustee will need to appear, through counsel, at the April 16, 2025 hearing to, at the very least, preserve his position in the event the Court denies the Motion to Convert; (3) Trustee's counsel incurred fees and expenses in preparing and filing the Application and the Motion for Surrender before the Debtors filed the Motion to Convert and the Trustee should have the opportunity to recover those fees and expenses either from the Debtors, if appropriate, or the Estate, as an administrative expense; (4) the Debtors would not have either provided the documents or moved to convert their case absent the Trustee's efforts to obtain a court order directing them to turn over information pertaining to the commission and, therefore, services performed by the Trustee's counsel have already aided in his administration of the case; and (5) it is not, as the Debtors seem to suggest, inevitable that they will be permitted to convert their case to a case under chapter 13.

The Debtors' second basis for objecting is that the Trustee's position as to the commission is inconsistent with legal precedent. As the Trustee correctly notes, however, the

2

Debtors' duties under 11 U.S.C. § 521(a)(3) and (4) are independent of any legal argument they may assert in defense of the Estate's purported interest in property. The Trustee made several demands for information from the Debtors before he filed the Application for the purpose of asking for an order compelling the Debtors to comply with their statutory duties. Perhaps, if the Debtors had provided the Trustee with the information to which he was entitled, his investigation into the commission would have convinced him that those funds are not property of the Estate. Regardless, the Debtors' refusal to even engage with the Trustee necessitated the retention of counsel.

In light of the foregoing, and it satisfactorily appearing that Verrill Dana LLP ("Verrill Dana") is disinterested and does not represent or hold any interest adverse to the Estate in this case, and it appearing that the employment of Verrill Dana will be in the best interests of the Trustee and the Estate, the requirements of the Federal Rules of Bankruptcy Procedure and the Local Rules being satisfied, it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

1. Service of the Application and the Declaration constitutes sufficient notice to parties under the circumstances of this case.

2. The Application is granted.

3. The Objection is overruled.

4. The Trustee is hereby authorized to Employ Verrill Dana as his counsel in this bankruptcy case for the following purposes:

   a. Seeking approval for the Trustee to employ the firm as counsel along with other professionals and obtaining the Bankruptcy Court's approval of the same;

   b. Reviewing the *Schedules*, *Statement of Financial Affairs*, and related bankruptcy petition items and documents, and advising the Trustee regarding the same;

    c.    Representing, assisting, and advising the Trustee in his investigation and analysis of the acts, conduct, assets, liabilities, and financial condition of Debtors, the pre- and post-petition transactions of Debtors, and other matters relevant to the administration of this case;

    d.    Consulting with the Trustee to evaluate potential assets of the Estate;

    e.    Reviewing documents, records, and correspondence regarding property of the Estate and potential liquidation of property of the Estate, Debtors' financial information, and issues related to administration of the Estate, and advising and assisting the Trustee regarding the same;

    f.    Advising and assisting the Trustee with respect to discovery, including discovery conducted pursuant to Federal Rule of Bankruptcy Procedure 2004;

    g.    Reviewing, advising, and assisting the Trustee with respect to claims, including those arising under chapter 5 of the Bankruptcy Code, including drafting demand letters, negotiating resolutions, initiating adversary proceedings or other litigation, taking and defending appeals, and drafting Settlement Agreements and Applications to Compromise and seeking approval of same from the Court; and

    h.    Reviewing time entries of Trustee's counsel for any application period, drafting applications for compensation and all related items, and discussing the same with the Trustee.

5.    The employment of Verrill Dana shall be effective immediately upon entry of this Order.

Dated: March 27, 2025                      /s/ Peter G. Cary
                                                  Judge Peter G. Cary
                                                  United States Bankruptcy Court